UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br><br>LAWANDA JOHNSON,<br><br>                Defendant. | CASE NO. 3:09-cr-05703-DGE<br><br>ORDER ON MOTION TO APPOINT COUNSEL |

      This matter comes before the Court on Petitioner Lawanda Johnson's motion to appoint counsel (Dkt. No. 721) and petition for a writ of error coram nobis. (Dkt. No. 720.)

      **I.      FACTUAL AND PROCEDURAL BACKGROUND**

      In 2011, following a trial in this Court, a jury found Petitioner guilty on multiple counts of health care fraud and filing a false tax return. (Dkt. No. 561.) Petitioner was sentenced to 87 months in prison and ordered to pay restitution of $1,227,746.34. (Dkt. Nos. 630 and 635.)

      Petitioner's conviction was upheld by the United States Court of Appeals for the Ninth Circuit in 2013, and this Court denied Petitioner's motion to vacate, set aside, or correct her

sentence pursuant to 28 U.S.C. § 2255 in 2015. *U.S. v. Johnson*, 540 Fed. Appx. 573 (9th Cir. 2013); *Johnson v. U.S.*, No. 3:14-cv-06000-RBL, Dkt. No. 11 (W.D. Wash. June 11, 2015).

Ms. Johnson was released from custody in 2015 and her term of supervised release ended in 2018. (Dkt. No. 722 at 1-2.)

On February 28, 2022, Ms. Johnson filed a petition for a writ of coram nobis and a motion for appointment of counsel, seeking to vacate her conviction on several grounds, including: 1) due process violations stemming from a prosecutor's knowing use of false testimony; 2) lack of jurisdiction; and 3) actual innocence. (Dkt. No. 720 at 1-2.) On March 9, 2022, Petitioner stated that she was unable to afford adequate representation to pursue her petition, and requested that the Court appoint attorney Jason Saunders to represent her. (Dkt. No. 721.)

The government responded to Petitioner's motion to appoint counsel, arguing that Petitioner has no right to counsel in a post-conviction proceeding and noting that Ms. Johnson's petition for a writ of coram nobis does not appear to meet the high standard necessary for the Court to grant this remedy. (Dkt. No. 722.)

On March 15, 2022, the Court issued an order informing Petitioner that federal courts grant writs of coram nobis sparingly, and directing Petitioner to show cause why her motion to appoint counsel should not be denied. (Dkt. No. 723.)

On March 22, 2022, Petitioner responded to the Court's order to show cause. (Dkt. No. 724.) In her response, Ms. Johnson explained that her petition for a writ of coram nobis is aimed at relieving her of the obligation of ongoing restitution payments, which according to her, consume 25 percent of her retirement income, and have left her unable to secure funds to pay an attorney. (Dkt. No. 724 at 1-2.) Ms. Johnson, a former teacher, also stated that she lost her

ORDER ON MOTION TO APPOINT COUNSEL - 2

teaching credentials due to her convictions, and will be unable to serve as a substitute teacher unless her coram nobis petition is granted. (*Id*. at 13.)

Ms. Johnson argues that her case presents exceptional circumstances that warrant the appointment of counsel to assist her in litigating her petition for a writ of coram nobis.

Specifically, Ms. Johnson contends that as a 73-year-old woman with a learning disability, she will have difficulty navigating the complex factual and legal issues at play in this case, which include, according to her: 1) the clarification, years after her conviction, of the meaning of terms contained in federal statutes and regulations that Ms. Johnson argues are pertinent to her case; and 2) the perjured testimony of three federal agents at her trial. (*Id*. at 4-8.)

## II.  MOTION TO APPOINT COUNSEL

Petitioner seeks post-conviction relief. However, there is no constitutional right to Court appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) ("there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding").

To the extent that a petition for a writ of coram nobis is analogous to a petition for habeas corpus relief, the Sixth Amendment right to counsel does not apply. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("[T]he Sixth Amendment right to counsel does not apply in habeas corpus actions.")

Notwithstanding, pursuant to 28 U.S.C. § 1915(e)(1), a court may exercise discretion and request an attorney to represent "any person unable to afford counsel." However, such discretion should only be exercised under "exceptional circumstances." *Agyeman v. Corrections Corp. of*

ORDER ON MOTION TO APPOINT COUNSEL - 3

*Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). In determining whether "exceptional circumstances" exist, a court must consider: (1) a petitioner's "likelihood of success on the merits" and (2) whether he "is unable to articulate his claims in light of the complexity of the issues involved." *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). Further, 18 U.S.C. § 3006A(a)(2)(B) provides that the Court may appoint counsel for any financially eligible person seeking habeas relief under section 2241, 2254, or 2255 of title 28 when the Court determines that the "interests of justice so require."

Here, the Court finds Petitioner's circumstances insufficient to warrant an appointment of counsel. Petitioner is not entirely indigent, but merely unable to afford the attorney of her choice, who, according to Petitioner, would require approximately $30,000.00 to represent her in this action. (*Id*. at 1-2.) Further, many pro se litigants face financial difficulties, and this factor, by itself, does not justify the appointment of counsel. *Wood v. Houseright*, 900 F.2d 1332, 1335–36 (9th Cir.1990) ("[D]ifficulties which any litigant would have in proceeding pro se ... do not indicate exceptional factors.")

In addition, although Petitioner states she is incapable of presenting her arguments because of age and a learning disability, Petitioner has submitted detailed and well organized arguments in support of her motion to appoint counsel and her petition for a writ of coram nobis, often with citations to applicable exhibits, statutes, and case law. (Dkt. No. 724.) Petitioner has also submitted arguments concerning regulatory interpretation, retroactivity, and alleged deficiencies in the testimony of witnesses at her trial, and has apparently investigated the background of one of the witnesses in her case by filing public records requests with police departments and prosecutor's offices. (Dkt. Nos. 724 and 725.) There also is no medical evidence before the Court establishing any impairment. Lastly, while the Court will reserve

ORDER ON MOTION TO APPOINT COUNSEL - 4

judgment until receiving additional briefing from the government and any reply from Petitioner, given the high standard for granting a writ of coram nobis, Petitioner should recognize there are significant challenges she must overcome to succeed on her petition.  In short, the Court does not find the interests of justice require appointment of counsel based on the record presented.

Accordingly, the Court determines there is insufficient factual or legal basis to grant Petitioner's request to appoint counsel and, therefore, her motion for appointment of counsel is DENIED.

### III.   PETITION FOR WRIT OF CORAM NOBIS

The writ of coram nobis "provides a remedy for those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors." *United States v. Kwan*, 407 F.3d 1005, 1009–10 (9th Cir. 2005), citing *Estate of McKinney By and Through McKinney v. United States*, 71 F.3d 779, 781 (9th Cir.1995).  When these errors are of "the most fundamental character," such that the proceeding itself is rendered "invalid," the writ of coram nobis permits a court to vacate its judgments. *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir.1987) (internal citation omitted).

The United States Supreme Court has noted that a writ of coram nobis is "of the same general character" as a motion to vacate, set aside or correct a sentence made pursuant to 28 U.S.C. § 2255.  *United States v. Morgan*, 346 U.S. 502, 512 n.4 (1954).  Whereas petitions for habeas corpus relief and motions for relief under 28 U.S.C. § 2255 may only be filed by persons who are in government custody, "[t]he writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." *Kwan*, 407 F.3d at 1009–10.

Timing aside, the two post-conviction petitions serve similar purposes, both providing a remedy that permits a petitioner to collaterally attack a sentence with serious constitutional, legal, jurisdictional, or other defects.  *United States v. Little*, 608 F.2d 296, 299 (8th Cir. 1979) (holding that the two remedies are "substantially equivalent"); *Pitts v. United States*, 763 F.2d 197, 199 n.1 (6th Cir. 1985) (noting that the primary distinction between the two petitions is the petitioner's custodial status, and that standards for granting relief under a writ of error coram nobis and under a § 2255 motion "are substantially the same."); *United States v. Travers*, 514 F.2d 1171, 1173 n.1 (2d Cir. 1974) (same).  The writ of coram nobis has become "in essence, habeas for those not in federal custody."  David Wolitz, *The Stigma of Conviction: Coram Nobis, Civil Disabilities, and the Right to Clear One's Name*, 2009 B.Y.U.L. Rev. 1277, 1287 (2009).

A petitioner must show the following to qualify for coram nobis relief: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.  *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987).

Here, Petitioner argues that her case meets the requirements set forth in *Hirabayashi* and has submitted exhibits she claims support her argument.  (Dkt. Nos. 724, 725, and 726.)  As such, the government shall consider Petitioner's arguments, evaluate the evidence submitted, and respond to Petitioner's arguments no later than May 31, 2022.  Petitioner shall then have the opportunity to reply no later than June 30, 2022.

Dated this 18th day of April, 2022.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO APPOINT COUNSEL - 7