UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>LAWANDA JOHNSON,<br><br>　　　　　　　　Defendant. | CASE NO. 3:09-cr-05703-DGE<br><br>ORDER |

Lawanda Johnson ("Johnson") filed three motions: 1) for reconsideration of the Court's order denying her petition for a writ of error coram nobis (Dkt. No. 736), 2) to alter or amend judgment (Dkt. No. 741), and 3) for a copy of the grand jury recordings (Dkt. No. 742). For the reasons discussed below, Johnson's motions are DENIED.

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**

On September 1, 2022, this Court denied Johnson's petition for a writ of error coram nobis. (Dkt. No. 734.) In a letter to the Court dated September 5, 2022, Johnson submitted a notice of appeal dated September 2, 2022 and a motion for reconsideration dated September 3,

ORDER - 1

2022.  (Dkt. Nos. 735 and 736.)  The documents, which were received together, were docketed by the Clerk's office on September 7, 2022.  (*Id.*)

The Court questions whether it has jurisdiction to adjudicate the motion for reconsideration or the other motions filed by Johnson.  The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed.  *Davis v. United States*, 667 F. 822, 824 (9th Cir. 1982).  A notice of appeal does not divest the district court of jurisdiction if, at the time it was filed, "there was a pending motion for reconsideration."  *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (citing Fed. R. App. P. 4(a)(4)(B)(i)).  However, the district court lacks jurisdiction to entertain a motion for reconsideration that is "filed after the notice of appeal has been filed[.]"  *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004).

Here, the notice of appeal and motion for reconsideration were submitted together, and docketed the same day, but Johnson dated the notice of appeal one day earlier than the motion for reconsideration.  Because the notice of appeal and the motion for reconsideration were filed together, and given that Johnson apparently intended for the notice of appeal to be filed first, the Court questions whether the motion for reconsideration was "pending" when the notice of appeal was filed.  Even if the Court did have jurisdiction to adjudicate the motion for reconsideration, it likely would not have jurisdiction over Johnson's other two motions, both of which were filed after the notice of appeal.  Nevertheless, in the interests of judicial economy, the Court shall consider Johnson's motions on the merits.

ORDER - 2

## II.   DISCUSSION

### A.  Motion for Reconsideration

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

In her motion for reconsideration, Johnson disagrees with the Court's decision to deny her petition for a writ of coram nobis and re-states many of the claims made in her petition. (Dkt. No. 736.) Johnson contends that the Court erred in not holding an evidentiary hearing concerning whether Elizabeth Camp gave an incorrect last name when testifying during her trial, and submits additional documents, many of which were not originally included with her petition, that she claims substantiate her allegations concerning Ms. Camp. (Dkt. Nos. 737, 738, 739, 743 and 744.)

None of the arguments submitted in connection with Johnson's motion for reconsideration establish the Court manifestly erred. There remains insufficient evidence to find Ms. Camp lied when she testified her last name was Hughes in 2011. The additional evidence submitted in connection with Johnson's present motion, which could have been brought to the Court's attention earlier, also does not establish manifest error in the Court's ruling.

### B.  Motion to Alter or Amend Judgment

The Court may alter or amend a judgment under Rule 59(e) where the Court has committed clear error. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id*. (citation and internal quotation marks omitted). A Rule

ORDER - 3

59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

In her Rule 59(e) motion, Johnson re-states her claim concerning Ms. Camp's last name, and argues that the Court erred by not holding an evidentiary hearing and appointing counsel so Johnson could further develop her claim. (Dkt. No. 741.) Johnson also re-states her claim concerning the testimony of a government witness regarding the status of her clinic. (*Id.*)

For the reasons discussed in its order denying Johnson's petition for a writ of coram nobis, the Court found no error with respect to Ms. Camp's last name or the relevant trial testimony, and the Court finds no clear error in declining to hold an evidentiary hearing or to appoint counsel for Johnson.

### C. Motion for Grand Jury Recordings

Johnson asks the Court to grant her access to grand jury recordings, arguing that grounds may exist to dismiss the indictment against her because the Government failed to inform the grand jury of her clinic's status as a Rural Health Clinic. (Dkt. No. 742.)

"Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6). A district court may, however, order the disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R.

Crim. P. 6(e)(3)(E)(ii).  Defendants who request disclosure under this rule must prove they have "a particularized need" that "outweighs the policy of grand jury secrecy."  *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985).

For the reasons discussed in its order (Dkt. No. 734), the status of Johnson's clinic as a Rural Health Clinic is not a basis upon which the Court will grant coram nobis relief, and Johnson has not establish a particularized need for these recordings that would outweigh the policy of grand jury secrecy.

### III.    ORDER

For the reasons set forth above, Johnson's motions (Dkt. Nos. 736, 741, and 742) are DENIED.  To the extent that Johnson's Request for Amended or Additional Findings (Dkt. No. 737) can be construed as a motion filed pursuant to Rule 52(b), that motion is DENIED.

Dated this 17th day of October, 2022.

David G. Estudillo
United States District Judge